# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| KIMBERLEY BROWN, | * | |
| | * | No. 19-1564V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: October 5, 2022 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Entitlement; dismissal. |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;
Jamica M. Littles, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Kimberley Brown alleged that the influenza ("flu") vaccine she received on October 10, 2016 caused her to suffer complex regional pain syndrome ("CRPS"). Pet., filed Oct. 8, 2019, at ¶¶ 2, 3, 5. On September 16, 2022, Ms. Brown moved for a ruling on the record.

### I.   Procedural History

Kimberley Brown ("petitioner") filed her petition on October 8, 2019. After petitioner filed her initial medical records, the Secretary filed his Rule 4(c) report on April 6, 2021, contesting entitlement and identifying potentially missing medical records. A status conference was then held on April 19, 2021 and petitioner was ordered to file additional medical records. Petitioner continued to request and file medical records over the next several months. On December 22,

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services) requires the Court to make this decision available to the public. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

2021, respondent filed a status report indicating he was satisfied that the records were sufficiently complete to proceed.

Then, on January 12, 2022, the parties were ordered to retain experts to provide expert opinions. After several more months, petitioner filed an expert report authored by Dr. Carlo Tornatore on August 18, 2022. Dr. Tornatore provided a barebones assessment. See exhibit 18. A status conference was subsequently held on September 2, 2022, in which petitioner indicated she would move for a ruling on the record or a motion to dismiss her case. Petitioner filed her motion for a ruling on the record on September 16, 2022. The motion indicated her expert report was insufficient. See Pet'r's Mot. for Ruling on the Record at 2 ("Dr. Tornatore opined that Petitioner's medical history does not establish a vaccine injury"). The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records and an expert report. However, "[a]fter considering the pro's and con's of continuing to attempt to establish a vaccine injury claim, Petitioner has decided to ask this Special Master to rule on the record evidence." Pet'r's Mot. at 2.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that a vaccine caused petitioner to develop CRPS.

To demonstrate entitlement, a petitioner must show by a preponderance of the evidence that her injury was caused by the vaccine in question, and a special master cannot make such a finding "based on the claims of a petitioner alone,

2

unsubstantiated by medical records or by medical opinion." 42 U.S.C. 300aa–13(a).  Here, although Ms. Brown had identified some statements from treating doctors (see Pet'r's Status Rep., filed Mar. 6, 2020), those statements recite comments from Ms. Brown and do not represent an independent evaluation by a medical doctor.[2]  When Ms. Brown sought the assistance of a doctor she retained in this litigation, Dr. Tornatore did not state that the vaccine harmed Ms. Brown.  See exhibit 18.  Thus, she has not demonstrated entitlement.

**Thus, the Motion for a Ruling on the Record is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Ms. Brown's September 16, 2022 motion does not cite any statements from treating doctors in support of her motion for a ruling on the record.

2