# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| KIMBERLEY BROWN, | * | |
| | * | No. 19-1564V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | |
| | * | Filed: June 7, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Richard Gage</u>, Richard Gage, P.C., Cheyenne, WY, for petitioner;
<u>Jamica M. Littles</u>, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Kimberley Brown alleged that the influenza ("flu") vaccine she received on October 10, 2016 caused her to suffer complex regional pain syndrome ("CRPS"). Pet., filed Oct. 8, 2019, at ¶¶ 2, 3, 5. Her case was dismissed. Decision, issued Oct. 5, 2022.

Ms. Brown is seeking an award of her attorneys' fees and costs. She is awarded the amount she requested, $28,981.31.

\* \* \*

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services) requires the Court to make this decision available to the public. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Brown alleged a flu vaccine caused her to develop complex regional pain syndrome. After collecting medical records---a process that took fairly long, Ms. Brown filed a report from an expert who often assists petitioners seeking compensation in the Vaccine Program, Carlo Tornatore, who is a neurologist. Dr. Tornatore's report did not support the claim that the flu vaccine caused Ms. Brown to suffer complex regional pain syndrome. Exhibit 18. Ms. Brown sought a ruling. Pet'r's Mot., filed Sep. 16, 2022. She was denied compensation. 2022 WL 15526873.

Ms. Brown sought an award of her attorneys' fees and costs in the amount of $28,981.31. Pet'r's Mot., filed Mar. 6, 2023. However, she did not explain why she was eligible for an award of attorneys' fees and costs, that is, she did not argue that a reasonable basis supported the claim set forth in her petition. Thus, she was directed to address this issue. Order, issued May 31, 2023. Ms. Brown did so. Pet'r's Memo., filed June 26, 2023. The Secretary contended that Ms. Brown did not meet the reasonable basis standard. Resp't's Memo., filed July 21, 2023. Ms. Brown defended her position. Pet'r's Memo., filed July 31, 2023.

The parties' development on these points was incomplete and they were instructed to supplement their arguments because, in part, some treating medical professionals appeared to support the claim that the flu vaccine caused Ms. Brown to suffer chronic regional pain syndrome. Order, issued Aug. 18, 2023. Upon further reflection, the Secretary "agree[d] that there was a reasonable basis for petitioner's claims and defer[red] to the special master to determine a reasonable award for attorneys' fees and costs." Resp't's Supp'l Br., filed Sep. 19, 2023.

\*   \*   \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has agreed that reasonable basis supported this claim. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.   Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

The proposed hourly rates comport with rates previously awarded. See Roscoe v. Sec'y of Health & Hum. Servs., No. 11-206V, 2024 WL 1253781 (Fed. Cl. Spec. Mstr. Feb. 28, 2024). They are reasonable.

### B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $17,264.10.

   C. <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner's requests a total of $11,717.21 in attorneys' costs. This amount primarily consists of compensation for Dr. Tornatore's work. Other costs include the costs associated with obtaining medical records and printing. The undersigned finds these costs to be reasonable and petitioner is awarded attorney costs in full.[2]

   D. <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$28,981.31** (representing $17,264.10 in attorneys' fees and $11,717.21 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Mr. Richard Gage.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

   **IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master

---

[2] Given the widespread use of electronic documents, the law firm's printing of more than 4,000 pages seems odd. However, the Secretary did not interpose an objection to this cost and it is accepted as reasonable. Nevertheless, Mr. Gage may wish to reconsider the need for printing thousands of pages (or explain why such printing is needed).

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.